UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TYRONE JACKSON,                                   :

                 Petitioner,        :        06 Civ. 00188 (KPC) (DF)

      -against-                              :        **ORDER**

THOMAS POOLE,                                     :
SUPERINTENDENT OF FIVE OAK
CORRECTIONAL FACILITY,                    :

                Respondent.        :
-------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       Respondent in this habeas proceeding has filed a motion (Dkt. 24) for a more definite

statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and Rule 2(c) of the

Rules Governing Section 2254 Cases in the United States District Courts.  Rule 2(c) provides

that a habeas petition must "specify all the grounds for relief available to the petitioner" and

"state the facts supporting each ground."  In this case, Respondent contends that Petitioner's

original and supplemental Petitions (Dkts. 2 and 11)[1] are sweeping, confusing, and, in many

respects, too vague and ambiguous to enable Respondent to prepare a response (s*ee*

Memorandum of Law in Support of Respondent's Motion for a More Definite Statement, dated

July 10, 2009 (Dkt. 25), at 7-8.  In particular, Respondent notes that Petitioner has cross-

referenced and purported to incorporate in his pleadings numerous filings that he has made, on

different occasions, in various state proceedings.  (*Id.*)  According to Respondent, these

---

[1] Petitioner initially filed his Supplemental Petition (Dkt. 11) as an affidavit, but the
Court deemed it to be a supplemental pleading based on Petitioner's confirmation that this was
his intent (*see* Dkts. 16, 18).

additional filings could be construed to raise a host of different claims, well beyond those directly pleaded in Petitioner's Petition and Supplemental Petition. (*Id.*)

This Court, however, has reviewed Petitioner's pleadings, and finds that Respondent should be able to prepare a response to the claims that are actually pleaded. While the Petition refers to a number of alleged defects in Petitioner's trial and pre-trial proceedings, the Petition itself is plainly grounded in a claim of ineffective assistance of appellate counsel. (*See* Petition, dated Aug. 17, 2005 ("Pet."), at ¶ 41 ("As a result of me being denied my 6th and 14th Amendment United States Constitutional Rights to the Effective Assistance of Appellate Counsel, on my direct appeal, which is a result of the Appellate Division, First Department's . . . unlawful order, dated April 14, 2005 [denying Petitioner's motion for reassignment of appellate counsel], I'm entitled to be immediately released f[ro]m custody.").) In other words, where Petitioner raises issues regarding the conduct of his trial or pre-trial proceedings, he does so in the context of an alleged failure by his appellate counsel to raise those issues on direct appeal. Indeed, in his opposition to Respondent's motion for a more definite statement, Petitioner has confirmed that this was the intended reading of his Petition. (*See* Affidavit of Tyrone L. Jackson in Opposition to Respondent's Motion for a More Definite Statement, sworn to July 25, 2009 (Dkt. 27), at ¶ 2 ("[C]ontrary to the respondent's phony contentions, my initial petition clearly was the result of the Appellate Division, First Department's refusal to grant appellate counsel and my joint motion . . . for re-assignment of . . . appellate counsel to my direct appeal, thus forcing me to accept an appellate attorney, who I had an irreconcilable conflict of interest with, in violation of my Federal Constitutional Right to the Effective Assistance of Appellate Counsel, guaranteed me, by the 6th and 14th Amendments of the United States Constitution.").)

The Supplemental Petition reiterates and elaborates on this ineffective assistance claim (breaking it into a few variants), and also asserts a few other grounds for relief.  Overall, the Court understands the Supplemental Petition to summarize each of Petitioner's present habeas claims, although he occasionally refers back to the original Petition and to certain exhibits attached thereto, which remain part of the record before this Court.

To summarize the Court's understanding of Petitioner's habeas claims, it appears that Petitioner is asserting:

(1)     that the Appellate Division violated his Sixth Amendment right to the effective assistance of appellate counsel by denying Petitioner's application for the reassignment of appellate counsel (*see* Affidavit of Tyrone L. Jackson in Support of Supplemental Petition, sworn to Dec. 17, 2008) ("Supp. Pet.") (Dkt. 11), at ¶¶ 4-11; Pet., at Exs. C, E)), and by proceeding to decide Petitioner's appeal without first replacing his counsel (*see* Supp. Pet., at ¶¶ 12-13);

(2)     that the Appellate Division violated Petitioner's Sixth Amendment right to the effective assistance of counsel, as well as his Fifth Amendment right against self-incrimination, by (a) denying Petitioner's applications to strike the brief filed by his appellate counsel, and (b) dismissing an Article 78 proceeding filed by Petitioner, seeking to compel his appellate counsel to withdraw that brief (*see id.*, at ¶¶ 14-18);

(3)     that Petitioner's due process rights were violated by the Appellate Division's determination of his direct appeal without the benefit of a full record of the pre-trial proceedings, a record Petitioner purportedly asked the appellate court to obtain; and that Petitioner's Sixth Amendment right to the effective assistance of counsel was violated by his counsel's failure to

arrange for the transcription of the full pre-trial record and present it to the Appellate Division, despite Petitioner's numerous requests that counsel do so (*see id.*, at ¶¶ 19-24);

(4)      that, by failing to raise many purportedly meritorious issues on appeal, Petitioner's appellate counsel failed to provide Petitioner with effective assistance (a claim that Petitioner asserts that he raised unsuccessfully in a state *coram nobis* proceeding[2]) (*see id.*, at ¶¶ 25-38);

(5)      that Petitioner was deprived of his Sixth Amendment right to the effective assistance of trial counsel, when his trial counsel (a) failed to secure Petitioner an opportunity to testify before the grand jury that eventually returned an indictment against him, and then (b) failed to move to dismiss the indictment as defective (*see id.*, at ¶¶ 39-64), and;

(6)      that (a) Petitioner's trial and conviction represented a denial of due process because, as a result of the allegedly defective indictment, the state court lacked subject matter jurisdiction to try the case, and (b) Petitioner's trial counsel was ineffective for failing to file an appropriate motion challenging the trial court's jurisdiction (*see id.*, at ¶¶ 65-76).

Although some of these claims have lengthy procedural histories, none are overly complex or unduly difficult to discern from Petitioner's papers.  The Court does note, however, that, although Petitioner has submitted many exhibits to this Court, he has, on occasion, referred to prior state-court filings that may not have been provided here.  For example, in his first claim, Petitioner states that he made "3 motions to have [his assigned appellate counsel] . . . relieved from [his] direct appeal" (*id.*, at ¶ 5), and it is not clear to this Court that he has submitted all

---

[2] To the extent Respondent suggests that, in his federal habeas petition, Petitioner has not identified the specific issues that his appellate counsel allegedly failed to raise on direct appeal, it is the Court's understanding that Petitioner is referring to the same issues that he raised in his state *coram nobis* petition.

three of these motions. As a general matter, Respondent is directed to review the materials submitted by Petitioner, to supplement the record before this Court with copies of additional state-court filings to the extent it believes such supplementation is necessary and to the extent the filings are available, and then to respond to Petitioner's claims as best and fully as possible, on the available record.

For the above reasons, Respondent's motion for a more definite statement (Dkt. 24) is denied, although Respondent's alternative motion for an extension of time to file an opposition to the petition is granted, given the scope of the prior record that may need to be evaluated by Respondent in preparing its opposition. Respondent's time to file its opposition is therefore extended to December 11, 2009.

To the extent Petitioner seeks sanctions against Respondent for filing its motion for a more definite statement, Petitioner's application for sanctions is denied, as is any renewed request by Petitioner for discovery.

Dated:   New York, New York
         October 21, 2009

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

5

Copies To:

Hon. Kevin P. Castel, U.S.D.J.

Mr. Tyrone Jackson
04-A-1354
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

Lisa Fleischmann, Esq.
Paul B. Lyons, Esq.
Office of the Attorney General of the
State of New York
120 Broadway, 22nd floor
New York, NY 10271

6