USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-14-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYRONE L. JACKSON,

                        Petitioner,

            -against-

SUPERINTENDENT THOMAS POOLE,

                        Respondent.
-----------------------------------------------------------x

06 Civ. 00188 (PKC)(DF)

MEMORANDUM AND
ORDER ADOPTING
REPORT AND
RECOMMENDATION

CASTEL, District Judge:

        Tyrone L. Jackson, who is in state custody as a result of his conviction for the state-law crime of Robbery in the Second Degree, filed his original petition for a writ of habeas corpus on January 11, 2006. Then-Judge Mukasey dismissed the petition for failure to make a substantial showing of the denial of constitutional right. An appeal was taken by petitioner to the United States Court of Appeals for the Second Circuit and the appeal was dismissed.

        Thereafter, petitioner moved to vacate the judgment and Judge Baer granted that motion, allowing petitioner sixty days to file a supplemental petition. The case was reassigned to the undersigned, and I referred the petition to Magistrate Judge Debra Freeman to hear and report.

        Respondent moved for a more definite statement, which Magistrate Judge Freeman denied. (Order of October 21, 2009, DE 28.) Thereafter the Magistrate Judge directed petitioner "to inform the Court, within two weeks (14 days) of the date of this Order, whether, so as to avoid a dismissal of this entire Petition, he would prefer to

amend his Petition to delete his unexhausted claims. If this is not Petitioner's preference, then this Court will recommend to Judge Castel that the entire Petition be dismissed without prejudice, as a 'mixed petition'." (Order of April 30, 2010, DE 46.) Petitioner filed several motions, including several motions to reconsider or modify the April 30, 2010 Order or stay proceedings to allow an opportunity to exhaust certain claims, which were denied in substantial part by Magistrate Judge Freeman. (Order of Dec. 10, 2010, DE 60.) Petitioner then filed motions to reconsider the December 10 Order and sought other relief, which motions were denied in substantial part by Magistrate Judge Freeman. (Order of April 21, 2011, DE 67.) Magistrate Judge Freeman's Orders of October 21, April 30, December 10 and April 21 were well reasoned and correctly applied the relevant legal principles. Petitioner filed a notice of appeal to the United States Court of Appeals from the April 21, 2011 Order, which appeal has been dismissed. (Notice of Interlocutory Appeal, DE 68; Mandate of United States Court of Appeals, DE 82.)

On July 19, 2011, Magistrate Judge Freeman issued a 35-page Report and Recommendation ("R&R") recommending that the petition be dismissed. The undersigned has received numerous letters from petitioner seeking, among other things, an extension of time to file objections. This Court extended petitioner's time to file objections until September 23, 2011. The Objections were received in an envelope postmarked September 26 that was placed in the mailbox of the Sing Sing Correctional Facility on September 23. The Objections are deemed to be timely filed.

The Objections are 70 pages in length and incorporate by reference several prior submissions of petitioner. This Court has reviewed the petition *de novo* and has

considered the arguments asserted in the Objections and the submissions they incorporate.

DISCUSSION

The complaining witness, Maria Rodriguez, testified that she had returned on January 20, 2003 from Philadelphia with her two sons, aged 15 and 16, with two bags containing clothes, money and a cell phone. (Trial Tr. 80, 82, 85, 87, Dec. 11, 2003.) She testified that she boarded the A train at 42nd Street and she later noticed that the defendant "was like poking [the two sons], and I had to intervene. I had to stand in the middle, because he was poking them, and that's when I intervened." (Id. at 81.)[1] "He pushed us." (Id. at 82.) While exiting at Canal Street, "he came in and he took the bags, and I was struggling with him so he wouldn't take the bags and that's when he hit me." (Id. at 82.) She testified that he hit her twice with his fist causing bruising in the back of her ear. (Id. at 82-84.) In his objections, petitioner does not assert that he was not involved in an encounter with Ms. Rodriguez; rather he asserts that he was assaulted by Ms. Rodriguez and her two sons. (Obj. 17.)

The R&R carefully catalogues each of the six independent grounds asserted by petitioner for the grant of relief. (R&R 4-5.) Each of the grounds is thoroughly analyzed. In the case of the claim of ineffective assistance of appellate counsel (the fourth ground), the R&R subdivides the issue into 13 subparts. (R&R 18-19.) The R&R concludes that the six claims were timely asserted and that, because

---

[1] In his Objections, petitioner asserts that the R&R is in error to the extent that it implies that Rodriguez and her sons boarded the train at 34th Street, rather than 42nd Street. (Obj. 17; R&R 1.) Rodriguez testified that she boarded at 42nd Street but the incident with the defendant "began" at the 34th Street stop. (Trial Tr. 90, Dec. 11, 2003.) The point is immaterial.

petitioner withdrew the unexhausted claims, the six remaining claims were fully exhausted. The R&R analyzes each claim by the appropriate legal standard. (R&R 10-11, citing 28 U.S.C. § 2254(e)(1).)

One of the grounds for habeas relief relates to the failure of the state prosecutor to give him a reasonable time to appear before the grand jury, a right which he is afforded under state law. N.Y. C.P.L. § 190.50(5)(a). Petitioner had served written notice of his intent to testify and his counsel had been told by the prosecutor that the grand jury would meet on January 27. On the afternoon of January 23, his counsel was informed that the grand jury would meet on the morning of January 24 because, under the state law, the indictment must be returned by January 24 in order to be timely. Petitioner's counsel advised that she would speak to petitioner to determine whether he still wished to testify. Petitioner's counsel met with petitioner between 12:20 p.m. and 1:30 p.m., the start of the meeting having been delayed from 11 a.m. because of circumstances arising at the facility where petitioner was held. Before the meeting had concluded, the prosecutor had already presented the case to the grand jury. Petitioner's counsel moved to dismiss the indictment because of the purported failure to afford him a reasonable opportunity to testify. After an evidentiary hearing in state court, the Judicial Hearing Officer concluded that petitioner had been afforded a reasonable time to appear and could have appeared on the morning of January 24 rather than proceeding with the meeting with counsel.

Petitioner correctly recognizes, as does the R&R, that he has no federally enforceable right to testify before a grand jury. (Obj. 30; R&R 13-14.) He recasts the claim in several ways, including as one of ineffective assistance of counsel in not

preserving his right to testify before the grand jury or further pursuing the dismissal of the indictment. (Obj. 30.) Applying the familiar standards under Strickland v. Washington, 466 U.S. 668 (1984), the R&R concludes that petitioner was not prejudiced because the trial jury subsequently found that the case was proven beyond a reasonable doubt, a standard of proof higher than that required for a grand jury to indict. (R&R 16); see Kohler v. Kelly, 890 F.Supp. 207, 213 (W.D.N.Y. 1994), *aff'd,* 58 F.3d 58 (2d Cir. 1995); see also Davis v. Mantello, 42 Fed. Appx. 488, 491 n.1 (2d Cir. 2002) (citing Kohler with approval) (non-precedential); accord Montalvo v. Annetts, 02 CIV.1056 (LAK )(AJP) 2003 WL 22962504 at *24-35 (S.D.N.Y. 2003) (R&R adopted by Order of Jan. 20, 2004).

Petitioner's many and varying claims are for the reasons set forth in the R&R unmeritorious. The proceedings before the Magistrate Judge were conducted impartially and fairly and were free from bias. No issue presented required an evidentiary hearing.

CONCLUSION

The R&R is well reasoned, well grounded in fact and in law and, upon *de novo* review, it is adopted. The Clerk shall enter judgment for respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by* United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith and *in forma pauperis* status is denied.  See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

                                      P. Kevin Castel
                            United States District Judge

Dated: New York, New York
        October 14, 2011